[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13548
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-22120-CV-AJ

FRED DIXON,

                                                    Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY,
a political subdivision of the
State of Florida,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 8, 2009)**

Before HULL, PRYOR and HILL, Circuit Judges.

PER CURIAM:

Appellant Dixon seeks reversal of a judgment dismissing his claim for damages resulting from the entrance upon, inspection of, and ultimate demolition of a building on his property.

After extensive and somewhat troublesome litigation and the creation of an extensive record, the district court determined that appellant had been afforded full process insofar as the determination of the unsafe conditions of his building was concerned and that this process included sufficient evidence to support that determination.

Appellant had also asserted a claim for damages because the inspector had entered his premises without consent or warrant, a violation of the Fourth Amendment. After the district court had entered the order referred to above to dismiss the action, appellant moved for relief from and vacation of that order due to the Fourth Amendment claim. In a detailed analysis of the record, the district court concluded that the inspection, if it occurred as described, had taken place more than four years prior to the action, so the statute of limitations had run and the claim is time-barred.

Our review of these two orders and the extensive record upon which they are based demonstrates that the district court correctly analyzed the situation and that the orders were correctly and lawfully entered. The judgment of the district court

is

AFFIRMED.